**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5593

ROBERT DALE SHEPARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-94-48)

Submitted: April 16, 1996

Decided: April 30, 1996

Before MURNAGHAN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jacqueline Ann Hallinan, Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Sharon M. Frazier, Assis-
tant United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Dale Shepard ("Shepard") pleaded guilty to escaping from custody and various burglary, theft, and firearms violations. On appeal he contends that the district court erred in ordering restitution. Specifically, Shepard claims that the district court failed to make adequate findings regarding Shepard's financial status and ability to pay restitution; that the restitution to the City of Huntington, West Virginia, was improperly awarded for conduct which was not part of the offense of conviction; and that the restitution order does not comply with 18 U.S.C. § 3663(e)(1) (1988), which requires that victims be compensated before third parties. For the reasons that follow, we affirm the district court's order.

Pursuant to a plea agreement, Shepard pleaded guilty to one count of postal burglary; one count of use of a firearm in relation to a crime of violence; one count of escape from custody; two counts of felon in possession of a firearm; and two counts of robbing a pharmacy. One of the pharmacy robberies occurred in Huntington, West Virginia. During the robbery, the police were contacted and a high speed chase ensued. The chase ended when Shepard stopped on a dead-end gravel road. As two officers approached Shepard's vehicle, Shepard shifted into reverse and struck them both. Shepard was immediately subdued and arrested.

The district court sentenced Shepard to 360 months imprisonment and ordered him to pay restitution in the amount of $14,733.84. Part of the order included restitution in the amount of $6,272.58 to the City of Huntington, West Virginia. The amount represents lost wages and medical costs incurred as a result of the injuries suffered by the police officers struck by Shepard in his vehicle after the pharmacy robbery chase.

The presentence report calculated restitution and identified five separate payees to receive the $14,733.84. The district court ordered restitution as outlined in the presentence report. Further, the district court explicitly found that Shepard would be able to pay the restitution by participating in the Inmate Financial Responsibility Program.

2

Although the parties failed to include the plea agreement in the record on appeal, Shepard does not dispute the government's assertion that the plea agreement provided that, notwithstanding the offense of conviction, Shepard would make restitution as ordered by the court.

Because Shepard failed to object at sentencing to the imposition of the restitution order, he has waived appellate review absent plain error. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). To reverse for plain error, this court must find (1) an error, (2) which is plain, (3) which affects substantial rights, and which (4) seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.

Under 18 U.S.C.A. § 3664(a) (West 1985 & Supp. 1996), before ordering restitution a district court must consider the financial resources of the defendant, and the financial needs and earning ability of the defendant and the defendant's dependents. See United States v. Plumley, 993 F.2d 1140, 1142-43 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3252 (U.S. Oct. 4, 1993) (No. 93-5704). "The district court must make explicit findings as to those factors enumerated in 18 U.S.C. § 3664(a) and such findings should be keyed to the specific type and amount of restitution ordered." Id. at 1143 (citing United States v. Bruchey, 810 F.2d 456, 459 (4th Cir. 1987)). In this case, Shepard contends that the district court failed to make specific findings regarding his ability to pay restitution. The Government counters, however, that the district court specifically found that Shepard could pay restitution with monies earned through the Inmate Responsibility Program. The presentence report which the district court adopted shows that Shepard has excellent research and writing skills and has worked as a paralegal. These findings by the district court, although not explicit, sufficiently satisfied the requirements of 18 U.S.C. § 3664(a), so that it did not amount to plain error. Castner, 50 F.3d at 1277.

This court now analyzes restitution orders in two steps. United States v. Broughton-Jones, 71 F.3d 1143, 1147 (4th Cir. 1995). Under the first step, this court determines whether the parties agreed to a restitution amount in the plea agreement. Id. If so, then the plea agreement controls. Id. at 1148. Shepard's plea agreement specifically provided that Shepard would pay restitution as ordered by the court,

3

regardless of the offense of conviction. Therefore, the restitution ordered by the district court was authorized, notwithstanding the offense of conviction. Id. at 1147-48.

Finally, Shepard claims that the district court erred in failing to properly prioritize the payees of the restitution in accordance with 18 U.S.C. § 3663(e)(1). However, as noted above, Shepard failed to object at sentencing to the district court's restitution order. Thus, he has waived appellate review since he suffered no prejudice as a result of the district court's error. See Castner, 50 F.3d at 1277.

For the reasons discussed, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4